```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION

STEPHEN M. SANDILLO,

                 Plaintiff,

vs.                                 Case No.  2:03-cv-328-FtM-99SPC

JERRY REIGER, GREGORY VENZ, DAVID
DIXON, DR. ROBERT BRIODY, JAMIE
LANDERS, LISA CONWAY, DR. HERBERT T.
CASKEY, ROBERT O'CONNOR, SECRETARY,
DOC, DR. ANTONIO MACHADO, DR. HAYES,
MS. GORDON, MR. YEOMAN and DONALD
MOSLEY,

                 Defendants.
_____
```

**OPINION AND ORDER**

This matter comes before the Court upon Defendant Dixon's Motion of for Summary Judgment (Doc. #100), filed June 30, 2006, with attached exhibits. Plaintiff twice was advised of the provisions of Fed. R. Civ. P. 56 and given an opportunity to respond to Defendant's Motion. See Docs. #96 and #102 filed March 31, 2006 and July 21, 2006, respectively. As of the date of this Order, Plaintiff has not filed a response to Defendant's Motion. This matter is now ripe for review.

**I.**

Plaintiff, Stephen M. Sandillo, proceeding *pro se* and *in forma pauperis*, initiated this action on June 30, 2003 by filed a civil rights complaint (Doc. #1). At the time of the filing of his Complaint, Plaintiff was a civil detainee awaiting his civil commitment trial pursuant to Fla. Stat. § 394.910 ("Jimmy Ryce

Trial") and was confined at the Florida Civil Commitment Center ("FCCC") which was operated by Liberty Behavioral Corporation ("Liberty") pursuant to a contract with the Department of Children and Families ("DCF"). Subsequent to the filing of his Complaint, Plaintiff was released from the FCCC pursuant to a state court order.

The Court previously has dismissed all other named Defendants, except Defendant Dixon from this action. See March 14, 2005 Order of Partial Dismissal Without Prejudice (Doc. #74) and March 28, 2006 Order of Court (Doc. #96). On April 8, 2005, Defendant Dixon filed an Answer to Plaintiff's Complaint (Doc. #87).

In its March 14, 2005 Order, the Court set forth in significant detail the facts alleged in Plaintiff's Complaint. The Court incorporates by reference Section II, Factual Allegations of its March 14, 2005 Order as if the same was set forth herein in its entirety. For purposes of this Order, Plaintiff's Complaint alleges a Fourteenth Amendment[1] violation against Defendant Dixon, a Therapeutic Community Coordinator at the FCCC, for Dixon's

---

[1] Plaintiff's rights as a detainee arise from the Fourteenth Amendment, though the case law developed with regard to the Eighth Amendment prohibitions against cruel and unusual punishment is analogous. Cook ex. rel Estate of Tessier v Sheriff of Monroe County Fla., 402 F.3d 1092, 1115 (11th Cir. 2005). See also Hamm v. DeKalb County, 774 F.2d 1567, 1574 (11th Cir. 1985)("In regard to providing pretrial detainees with such basic necessities as food, living space, and medical care, the minimum standard allowed by the due process clause is the same as that allowed by the Eighth Amendment for convicted persons.").

alleged failure to protect Plaintiff on May 21, 2002 from an assault by FCCC Resident Day.

Defendant Dixon now moves for summary judgment of Plaintiff's Complaint.  Defendant Dixon attaches as exhibits to his Motion, *inter alia*, 1) copies of Defendant's Requests for Admission dated April 24, 2006 ("Admissions" Doc. #101-2), to which Plaintiff failed to  respond; 2) a Notice of Deposition of the Plaintiff (Doc. #101-3) and Certificate of Non-Appearance dated May 22, 2006 (Doc. #101-4); and, 3) the  Affidavit of Defendant Dixon dated June 28, 2006 ("Dixon Aff." Doc. #101-5).  Plaintiff in his Memorandum of Law in Support of his Motion for Summary Judgment contends that Plaintiff was served with Admissions on April 24, 2006 and has failed to object or otherwise respond to the Admissions.  Rule 36(a) of the Federal Rules of Civil Procedure provides:

> A party may serve upon any other party a written request for the admission, for purposes of the pending action only, of the truth of any matters within the scope of Rule 26(b)(1) set forth in the request that relate to statements of opinions of fact or of the application of law to, including the genuineness of any documents described in the request. . . .Each matter of which an admission is requested shall be separately set forth. The matter is admitted unless, within 30 days after service of the request, or within such shorter or longer time as the court may allow or as the parties may agree to in writing, subject to Rule 29, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney.

Pursuant to Fed. R. Civ. P. 36, the Court finds the Admissions propounded upon Plaintiff, to which Plaintiff has failed to respond, are deemed admitted.

**II.**

With respect to the standard for granting summary judgment, the Eleventh Circuit Court of Appeals has stated:

> [S]ummary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986).

In re Optical Technologies, Inc., 246 F.3d 1332, 1334 (11th Cir. 2001). "A factual dispute alone is not sufficient to defeat a properly pled motion for summary judgment." Teblum v. Eckerd Corp., of Fla., Inc., Slip Copy, 2006 WL 288932 (M.D. Fla. 2006). "Only factual disputes that are material under the substantive law governing the case will preclude entry of summary judgment." Lofton v. Secretary of Dept. Of Children and Family Services, 358 F.3d 803 (11th Cir. 2004). The parties' respective burdens and the Court's responsibilities are outlined as follows:

> The party seeking summary judgment bears the initial burden to demonstrate to the district court the basis for its motion for summary judgment and identify those portions of the pleadings, depositions, answers to interrogatories, and admissions which it believes show an absence of any genuine issue of material fact. Taylor v. Espy, 816 F. Supp. 1553, 1556 (N.D. Ga. 1993) (citation omitted). In assessing whether the movant has met this burden, the district court must review the evidence and all factual inferences drawn therefrom, in the light most favorable

> to the non-moving party. <u>Welch v. Celotex Corp.</u>, 951 F.2d 1235, 1237 (11th Cir. 1992); <u>Rollins v. TechSouth, Inc.</u>, 833 F.2d 1525, 1528 (11th Cir. 1987). If the movant successfully discharges its burden, the burden then shifts to the non-movant to establish, by going beyond the pleadings, that there exist genuine issues of material fact. <u>Matsushita Electric Industrial Co. v. Zenith Radio Corp.</u>[,] 475 U.S. 574, 586-87, 106 S. Ct. 1348, 1355-56, 89 L. Ed. 2d 538 (1986); <u>Clark v. Coats & Clark, Inc.</u>, 929 F.2d 604, 608 (11th Cir. G1991).
>
> Applicable substantive law will identify those facts that are material. <u>Anderson v. Liberty Lobby</u>, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986). Genuine disputes are those in which the evidence is such that a reasonable jury could return a verdict for the non-movant. <u>Id.</u> For factual issues to be considered genuine, they must have a real basis in the record. <u>Matsushita</u>, 475 U.S. at 586-87, 106 S. Ct. at 1355-56. It is not part of the court's function, when deciding a motion for summary judgment, to decide issues of material fact, but rather determine whether such issues exist to be tried. <u>Anderson</u>, 477 U.S. at 249, 106 S. Ct. at 2135. The Court must avoid weighing conflicting evidence or making credibility determinations. <u>Id.</u> at 255, 106 S. Ct. at 2513-14. Instead, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." <u>Id</u>. Where a reasonable fact finder may "draw more than one inference from the facts, and that inference creates a general issue of material fact, then the court should refuse to grant summary judgment." <u>Barfield v. Brierton</u>, 883 F.2d 923, 933-34 (11th Cir. 1989) (citation omitted).

<u>Hairston v. Gainesville Sun Pub. Co.</u>, 9 F.3d 913, 918-19 (11th Cir. 1993); <u>see</u> <u>Mulhall v. Advance Sec. Inc.</u>, 19 F.3d 586, 589-90 (11th

Cir.), cert. denied, 513 U.S. 919 (1994); see also Hickson Corp. V. Northern Crossarm Co., Inc., 357 F.3d 1256, 1260 (11th Cir. 2004).

"It is true that on a motion for summary judgment, all reasonable inferences must be made in favor of the non-moving party." Cuesta v. School Bd. of Miami-Dade County, 285 F.3d 962, 970 (11th Cir. 2002) (citation omitted). "A court need not permit a case to go to a jury, however, when the inferences that are drawn from the evidence, and upon which the non-movant relies, are 'implausible.'" Id. (citations omitted). Additionally, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." Burger King Corp. v. Weaver, 169 F.3d 1310, 1321 (11th Cir.)(quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986)), reh'g and suggestion for reh'g en banc denied, 182 F.3d 938 (11th Cir.), cert. dismissed, 528 U.S. 948 (1999).

## III.

Plaintiff, as a person who is civilly committed, is in a position analogous to a criminally confined prisoner. See Pullen v. State, 802 So. 2d 1113, 1119 (Fla. 2001)("the curtailment of the fundamental right of liberty is implicated in both criminal proceedings and involuntary civil commitments"). Residents at the FCCC who are civilly committed are subject to internal regulations much like those established by the Florida Department of Corrections and are considered "totally confined." See Fla. Stat.

§ 394.912(11).  The Court concludes that persons at the FCCC who are civilly committed must be afforded <u>at</u> <u>least</u> the same constitutional rights that are afforded to prisoners.

The Supreme Court made clear that "prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." <u>Farmer v. Brennan</u>, 511 U.S. 825, 833 (1994).  But not every injury that an inmate suffers at the hands of another inmate "translates into a constitutional liability." <u>Id.</u> at 834.  In <u>Carter v. Galloway</u>, 352 F.3d 1346 (11th Cir. 2003) the court summarized the relevant principles:

> A prison official's deliberate indifference to a substantial risk of serious harm to an inmate violates the Eighth Amendment.  Prison officials have a duty to protect prisoners from violence at the hands of other prisoners.  It is not, however, every injury suffered by one inmate at the hands of another that translates into a constitutional liability for prison officials responsible for the victim's safety.  An Eighth Amendment violation will occur when a substantial risk of serious harm, of which the official is subjectively aware, exists and the official does not respond reasonably to the risk.  To survive summary judgment on his section 1983, Eighth Amendment claim, plaintiff was required to produce sufficient evidence of (1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation.

<u>Id.</u> at 1349 (citations and quotations omitted).  "Deliberate indifference is not the same thing as negligence or carelessness." <u>Maldonado v. Snead</u>, 168 Fed. Appx. 373 (11th Cir. 2006)(citing <u>Ray v. Foltz</u>, 370 F.3d 1079, 1083 (11th Cir. 2004)).  General knowledge that a particular inmate is a problem inmate with a well-documented history of prison disobedience who is prone to violence is not

sufficient. Carter v. Galloway, 352 F.3d at 1349. Plaintiff must demonstrate that the defendant was aware of specific facts from which an inference could be drawn that a substantial risk of serious harm exists and that the prison official drew that inference. Id. Where "an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot . . . be condemned as the infliction of punishment" and does not give rise to a constitutional violation. Farmer v. Brennan, 511 U.S. 825, 838 (1994). Whether an official had requisite knowledge is a question of fact that may be demonstrated by circumstantial evidence. Id. 842. Evidence of past attacks which were "long-standing, pervasive, well-documented, or expressly noted by [ ] officials in the past" may be sufficient to find that the official had actual knowledge. Id.

**IV**.

It is undisputed that Plaintiff and Resident Day were involved in an altercation on May 21, 2002. The Court finds significant the following uncontested facts: 1) that Defendant Dixon had no prior knowledge of Resident Day's history of violence prior to the May 21, 2002 altercation with Plaintiff (Admission ¶1, Dixon Aff. ¶8); 2) that Plaintiff did not advise Defendant Dixon that Resident Day had threatened Plaintiff or that Plaintiff feared Resident Day (Admission ¶¶3-4; Dixon Aff. ¶7); 3) that Defendant Dixon was not present during the altercation with Resident Day (Admission ¶6); 4)

that Defendant Dixon did not encourage Plaintiff to fight with Resident Day (Admission ¶5; Dixon Aff. ¶11); and 5) that Plaintiff did not relay any concerns about Resident Day to Defendant Dixon on the day of the altercation or at anytime prior to the altercation (Admission ¶8; Dixon Aff. ¶10).  Plaintiff has not responded to Defendant Dixon's evidence.  Accordingly, there is no genuine issue of material fact as to whether Defendant Dixon was deliberately indifferent to a substantial risk of serious harm to Plaintiff.

Here, the Court finds that the undisputed evidence of record demonstrates that Defendant Dixon did not have subjective knowledge that Plaintiff was in risk of serious harm from Resident Day; and, thus as a matter of law Plaintiff cannot show Defendant Dixon was deliberately indifferent to Plaintiff's Eighth Amendment or Fourteenth Amendment rights.  Any other claims not specifically addressed are found to be without merit.

Accordingly, it is hereby

**ORDERED**:

1.  Defendant' Dixon's  Motion for Summary Judgment (Doc. #100) is **GRANTED.**

2.   The **Clerk of Court** shall: 1) enter judgment granting summary judgment in favor of Defendant Dixon:  2) enter judgment dismissing Defendants Caskey, Gordon, Reiger, Venz, O'Conner and Crosby pursuant to the March 14, 2005 Order of Partial Dismissal

Without Prejudice (Doc. #74); 3) enter judgment dismissing Hayes, Briody, Mosley, Yeoman, Conway, Machado and Landers pursuant to the March 28, 2006 Order of Court (Doc. #95); 4) terminate any pending motions; and 5) close this file.

**DONE AND ORDERED** in Fort Myers, Florida, on this __2nd__ day of August, 2006.

_____
JOHN E. STEELE
United States District Judge

SA:   hmk
Copies: All Parties of Record